NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-215


DAWN BOURQUE, INDIVIDUALLY, ET AL.

VERSUS

ALLSTATE INSURANCE COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 93051
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**Thibodeaux, Chief Judge, concurs in part and dissents in part and assigns written reasons.**


                    **AMENDED AND AFFIRMED AS AMENDED.**

**Clè Simon**
**Attorney at Law**
**P. O. Box 52242**
**Lafayette, LA 70505**
**(337) 232-2000**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Dawn Bourque**
     **Spencer Comeaux**

**Philip S. Aucoin, Jr.**
**Law Offices of Harold G. Toscano**
**400 E. Kaliste Saloom Road, Suite 8300**
**Lafayette, LA 70508**
**(337) 291-1743**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
> **Allstate Insurance Company**
> **Michael Gaspard**

**PICKETT, Judge.**

The plaintiffs appeal the general damages and expert witness fees the trial court awarded them in conjunction with injuries they sustained when their vehicle was hit by the defendant's truck. They also contend the trial court erred in failing to award them future medical expenses. For the following reasons, we amend to increase the amount of expert witness fees awarded to the plaintiffs and affirm the other awards made by the trial court.

## FACTS

The parties stipulated to the following facts. On October 30, 2009, Michael Gaspard and Dawn Bourque were in the parking lot of Sammy's Grocery Store on Highway 167 in Vermilion Parish when Mr. Gaspard's truck collided with Ms. Bourque's vehicle as he was backing from a parking space. Ms. Bourque filed suit individually and behalf of her son, Spencer,[1] who was a passenger in her vehicle. Mr. Gaspard and his insurer, Allstate Insurance Company (Allstate), admitted that the collision was solely Mr. Gaspard's fault and that the only issue before the court was the amount of damages due Ms. Bourque and Spencer.

The collision occurred when Mr. Gaspard was backing his Ford F-350 truck from a parking space in front of the store and the truck struck Ms. Bourque's 2000 Lincoln LS as she waited to exit the parking lot. Mr. Gaspard testified that the right rear of his vehicle "scrape[d]" the right rear area of Ms. Bourque's vehicle in the area of the right rear tire and the section above the tire, explaining that he observed brush marks and scuffing on the right rear tire. Mr. Gaspard further

---

[1]Spencer was a minor when the collision occurred, and his mother filed suit on his behalf. Though no pleadings were filed to establish Spencer attained the age of eighteen during the course of the litigation, Spencer testified that he was sixteen when the collision occurred and nineteen when he testified at trial. Accordingly, the judgment awarded damages to Spencer individually, and he appealed on his own behalf.

testified that after he began backing his truck, it stopped. Thinking he had "not given [his truck] enough gas," he accelerated, then felt a jolt, at which time his truck came to a stop. Mr. Gaspard estimated that his truck moved four to five inches when he accelerated and testified that his truck moved eight to ten feet from start to finish. Ms. Bourque testified that her vehicle was "picked up, sat down, and pushed" three to five feet.

After the accident, Ms. Bourque became achy and sore and began experiencing headaches. Shortly thereafter, she began experiencing pain in her neck and lower back, as well as pain that radiated into her left leg; she continued to suffer headaches. Approximately one week after the accident, Ms. Bourque went to Dr. Donald Pavy. On November 18, 2009, she sought treatment from Dr. David Barczyk, a chiropractor in Lafayette. Initially, she was treated by Dr. Barczyk until May 10, 2010, when she was discharged from his care. Ms. Bourque did not see Dr. Barczyk in April 2010. When he released her in May, Dr. Bourque noted that she had a full range of motion in her neck and back and was pain free.

During his treatment, Dr. Barczyk ordered an MRI of Ms. Bourque's back which showed minimal bulging with mild foraminal narrowing at L4-5 and tiny bilateral foraminal tears or fissures. This MRI confirmed the findings of lumbar X-rays taken on November 11, 2009, which were interpreted as showing degenerative changes. Dr. Barczyk diagnosed Ms. Bourque's injuries as sciatic neuritis/sciatica, muscle spasm, and lumbar sprain/strain which he related to the collision.

Ms. Bourque returned to Dr. Barczyk in August 2010, complaining of back pain. She sought further treatment with Dr. Barczyk on September 2, 9, and 14, 2010. Ms. Bourque testified that she continued to suffer pain as a result of her

injuries after her September 14, 2010 visit but did not seek further treatment because she could not afford to travel to his office or pay his charges. She further testified that she continued to experience pain at the time of the trial, explaining she has pain when sits a long time, which is a nine on the pain scale at times.

Ms. Bourque related that pain limited her activities and caused her to be depressed, grouchy, and agitated. She also testified that the accident was emotionally disabling and physically limiting for her, explaining that the pain she experienced after the collision contributed to her separating from her husband when he lost his job. Ms. Bourque explained that she was hard to live with when she was in pain and that she frequently argued with her husband, especially after he was unemployed, which led to their separation.

When cross examined, Ms. Bourque testified that she had injured her neck in 2005 in an automobile accident. She also testified that she had a history of fibroid tumors but denied the tumors caused back pain, explaining that the pain she experienced with fibroid tumors was centralized in her abdomen area.

Spencer testified that after the collision he suffered headaches in the back of his head and experienced pain in his chest, neck, mid and low back, and left knee which hit the dashboard in the car. He rated his pain as a seven to eight on a scale of ten, explaining that his neck pain was not as bad as his low back pain. Spencer testified that the pain prevented him from playing football and participating in P.E. He also testified that he had trouble carrying his book sack and moving from classroom to classroom during school.

Initially, Spencer sought treatment with Dr. Pavy, then he began treating with Dr. Barczyk. Dr. Barczyk diagnosed him as having cervical strain/sprain, spasm, headaches related to neck pain, and a chest wall sprain/strain. Spencer saw

Dr. Barczyk regularly in November and December 2009. His treatment began tapering off in 2010. He saw Dr. Barczyk three times in January and March and two times in February and May. His last treatment with Dr. Barczyk was May 10, 2010.

After the trial concluded, the trial court awarded Ms. Bourque $8,500 in general damages and Spencer $3,500 in general damages and $300 in expert witness fees for Dr. Barczyk testifying at trial. Ms. Bourque and Spencer appealed the trial court's judgment and assign three errors with the trial court's awards.

## ASSIGNMENTS OF ERROR

1. The trial court committed reversible error and abused its discretion in disregarding the uncontradicted medical testimony on the nature and extent of the injuries sustained, necessitating a de novo review.

2. The award of general damages and failure to award future medical expenses instances an abuse of discretion, necessitating a de novo review and increase in the general damages.

3. The award of expert fees of only $100.00 per hour to Dr. David Barczyk was an abuse of discretion necessitating an increase in expert fees awarded to Dr. Barczyk.

## DISCUSSION

*Expert Witness Testimony*

Ms. Bourque and Spencer contend the trial court committed error because it did not accept Dr. Barczyk's opinions regarding the movement of their bodies when Mr. Gaspard's truck collided with their car and the extent of their injuries. They claim Dr. Barczyk's opinions were uncontradicted, and the trial court's failure to accept his opinions constitutes error that necessitates a de novo review.

When considering expert testimony, a trial court may accept or reject some or all of the opinion expressed by an expert and may even substitute its own common sense and judgment for that of the expert, where, in its opinion, the

4

evidence establishes that the substitution is warranted by the evidence as a whole. *Ryan v. Zurich Am. Ins. Co*., 07-2312 (La. 7/1/08), 988 So.2d 214. Moreover, the weight given to a treating physician's testimony depends not only his qualifications but on the facts which serve as the basis of his opinion. *Vidrine v. Teche Elec. Supply, L.L.C*., 08-1287 (La.App. 3 Cir. 4/1/09), 6 So.3d 1012, *writ denied*, 09-964 (La. 6/19/09), 10 So.3d 739. Logically, a plaintiff's lack of credibility on factual issues can diminish the veracity of his or her complaints to a physician. *Harrell v. Brookshire Grocery Co.*, 11-108 (La.App. 3 Cir. 9/7/11), 73 So.3d 416, *writ denied*, 11-2557 (La. 2/3/12), 79 So.3d 1029.

During Dr. Barczyk's testimony, the trial court specifically stated that it was familiar with the nature and substance of Dr. Barczyk's testimony regarding the effect a collision like the one here can have on the passengers of the impacted vehicle and the injuries such an impact can cause the passengers. Dr. Barczyk's testimony shows he accepted the plaintiffs' descriptions of the impact Mr. Gaspard's truck had on Ms. Bourque's vehicle. Mr. Gaspard's testimony regarding the collision clearly contradicted that testimony. The trial court apparently found Mr. Gaspard's testimony on this issue more credible than the plaintiffs' testimony and discredited Dr. Barczyk's testimony to the extent that it was based on Ms. Bourque's and Spencer's testimony of the collision. This finding is reasonable based on the evidence; therefore, we find no abuse with the trial court's decision not to accept Dr. Barczyk's opinions in toto.

### General Damages and Future Medical Expenses

Appellate courts review trial court damage awards simply to determine whether the trial court abused its discretion in making the awards. *Prest v. Louisiana Citizens Prop. Ins. Corp.*, 12-513 (La. 12/4/12), ___ So.3d ___. This is

5

because as the trier of fact the trial court "is in the best position to evaluate witness credibility and see the evidence firsthand." *Bouquet v. Wal-Mart Stores, Inc.*, 08-309, p. 4 (La. 4/4/08), 979 So.2d 456, 459. Thus, damage awards are determinations of fact and must be given great deference when reviewed. *Wainwright v. Fontenot*, 00-492 (La. 10/17/00), 774 So.2d 70. Accordingly, when reviewing general damages, appellate courts review the trier of fact's exercise of discretion, not decide what is an appropriate damage award. *Youn v. Maritime Overseas Corp.,* 623 So.2d 1257 (La.1993). Only after an appellate court has determined that the trier of fact abused its discretion can it disturb a damage award, "and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court." *Coco v. Winston Indus., Inc*., 341 So.2d 332, 335 (La.1977).

In evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even when the witness is a party, if the record indicates no sound reason for its rejection. *Marange v. Custom Metal Fabricators, Inc.*, 11-2678 (La. 7/2/12), 93 So.3d 1253. Another witness's testimony that casts suspicion or doubt on the reliability of such testimony provides a sound reason for rejecting or discounting the testimony. *Id*.

The trial court observed the parties and Dr. Barczyk as they testified. Mr. Gaspard's testimony contradicted Ms. Bourque's and Spencer's descriptions of the collision which may have cast doubt on the effect it had on their vehicle, their persons, and the extent of their injuries. In turn, the trial court may have considered Dr. Barczyk's testimony in light of Ms. Bourque's and Spencer's testimonies and his own familiarity with this type of collision and the effect such collision has on a vehicle's occupants. Additional factors the trial court may have

considered were: 1) the pictures of the damage to Ms. Bourque's vehicle; 2) the repair estimate for her vehicle; 3) Ms. Bourque's previous automobile accident; and 4) whether her pre-existing problems with fibroid tumors could have caused some of, or contributed to, her back pain. Considering these facts, we find no error with the trial court's award of general damages.

Ms. Bourque and Spencer also assign error with the trial court's failure to award them future medical expenses. As with the trial court's general damage awards, we cannot say the trial court's failure to award future medical expenses was unreasonable considering the evidence regarding the impact of Ms. Gaspard's truck on Ms. Bourque's car and the effect of that impact on Ms. Bourque and Spencer, as well as the medical evidence. Accordingly, we find no error with the trial court's failure to award future medical expenses.

*Expert Witness Fees*

In their last assignment of error, Ms. Bourque and Spencer urge that the trial court erred in awarding only $300 for Dr. Barczyk's expert witness fee. They contend the award should have been much greater because Dr. Barczyk charges $750 per hour to testify as an expert and he traveled from Lafayette to Crowley for trial.

Expert witnesses are entitled to be compensated for their services in an amount to be determined by the court. La.R.S. 13:3666. Trial courts have much discretion when awarding expert witness fees, and such awards cannot be overturned unless shown to be an abuse of discretion. *State ex rel. J.Y.M.*, 09-1333 (La.App. 3 Cir. 8/4/10), 45 So.3d 1133.

A court can consider the following factors when assessing an expert witness fee: (1) the amount of time spent preparing for trial; (2) the time actually spent in

court; (3) the extent and nature of the work performed; (4) the knowledge, attainments, and skill of the expert; (5) similar expert awards; (6) the complexity of the problem addressed by the court; and (7) the helpfulness of the expert's report and testimony to the trial court. *Massie v. Deloach*, 04-1425 (La.App. 3 Cir. 3/2/05), 896 So.2d 1246, *writ denied*, 05-786 (La. 5/6/05), 901 So.2d 1107.

According to the trial court's award of the expert witness fee, Dr. Barczyk appeared at trial for three hours. There is no evidence regarding the time Dr. Barczyk spent preparing for trial or time traveling from Lafayette to trial in Crowley. Dr. Barczyk's credentials on the nature of the plaintiffs' injuries are extensive; however, neither their injuries nor their treatment was complex. The trial court noted that it knew and understood the concepts provided in Dr. Barczyk's extensive testimony. Thus, portions of Dr. Barczyk's testimony did not assist the trial court because those portions outlined information already known to the trial court. Moreover, the fee an expert charges his patient or client to appear in court is not a factor to be considered in awarding the expert a fee. *Id.*

In light of the time Dr. Barczyk spent in attendance at the trial and traveling to and from the trial from his office which is located in Lafayette,[2] we find the trial court abused its discretion in awarding the plaintiffs only $300 in expert witness fees and increase the award to $1,250.00.

## DISPOSITION

For these reasons, the judgment of the trial court is amended to increase the award of expert witness fees to $1,250; the judgment is affirmed in all other respects. Costs of this appeal are split equally between the plaintiffs, Dawn

---

[2] Though there is no direct evidence in the record of the time Dr. Barczyk spent traveling to and from his office to the trial, this court is aware of the distance and of the approximate time it would have taken to him make those trips.

Bourque and Spencer Comeaux, and the defendants, Michael Gaspard and Allstate Insurance Company.

**AMENDED AND AFFIRMED AS AMENDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULES 2-16.3, UNIFORM RULES—COURTS OF APPEAL.